**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROGER SHEKAR,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN TAYLOR, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-3879 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff Roger Shekar's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motion for injunctive relief (ECF Nos. 4-5).[1] The Court will grant the application, dismiss the complaint, and deny the motion without prejudice as moot.

The complaint's factual allegations pertain to an unidentified individual's attempt to take Plaintiff's riding lawn tractor which presumably was parked on Plaintiff's property in Streamwood, Illinois. *See* Compl. at 4-5. Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), *see id*. at 1, 42 U.S.C. § 1983 and various constitutional provisions, *see id.* at 2, and Illinois criminal law, *see id*. at 5. Among other relief, Plaintiff demands monetary damages for violation of FOIA, *see id*. at 6, and the criminal prosecution of Defendants, *see id*. at 8.

In its current form, the complaint is not viable. For starters, Plaintiff fails to allege facts establishing how any Defendant's conduct violated his constitutional rights. His invocation of

[1] The Court disregards Mr. Shekar's self-designation as "Justice Clinic a d/b/a entity of Plaintiff Roger Shekar," Compl. at 1, and proceeds with Mr. Shekar as the sole plaintiff.

§ 1983 and the Fourth, Sixth, and Fourteenth Amendments does not, without more, establish a cognizable claim for relief. The complaint also fails to provide Defendants' addresses, contrary to this Court's Local Civil Rules, which require that plaintiffs "filing *pro se in forma pauperis* . . . provide in the caption the name and full residence address or official address of each defendant." LCvR 5.1(c)(1). "[F]ailure to provide the address information within 30 days of [the first] filing may result in the dismissal of the case against the defendant[s]." *Id.*

Further, this Court may not cause the criminal investigation or prosecution of any individual. "The power to decide when to investigate, and when to prosecute," lies with the Executive Branch. *Cmty. for Creative Non-Violence v. Pierce*, 786 F. 2d 1199, 1201 (D.C. Cir. 1986). Mr. Shekar is "a private citizen [who] lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022) (per curiam) ("[A]s a private party, [plaintiff] cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of the defendants").

Nor does Plaintiff state a claim under FOIA, *see* 5 U.S.C. § 552. FOIA "only authorizes suits against certain executive branch 'agencies,' not individuals." *Flaherty v. IRS*, 468 Fed. App'x 8, 9 (D.C. Cir. 2012) (citing 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)). Plaintiff does not allege that any covered federal government agency improperly has withheld records responsive to a properly submitted FOIA request. *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (FOIA jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (citation and internal quotation marks omitted)); *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a

request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)).

As drafted, the complaint is deficient in multiple regards. In addition, the absence of the defendants' addresses would prevent service of process if this action were to proceed. For the reasons stated above, the Court dismisses the complaint and this action without prejudice and denies the motion for preliminary relief as moot. A separate order accompanies this Memorandum Opinion.

DATE: November 18, 2026

/s/
DABNEY L. FRIEDRICH
United States District Judge